UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN TORRES, #688446,

        Petitioner,

                                                                 CASE NO. 2:18-CV-11473
v.                                                HONORABLE SEAN F. COX

RANDEE REWERTS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Steven Torres ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentence. Petitioner pleaded no contest to attempted first-degree child abuse, MICH. COMP. LAWS §§ 750.136b(2); 750.92(2), in the Saginaw County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 7 ½ to 15 years imprisonment in 2015. In his pleadings, Petitioner asserts that he should be re-sentenced because the state trial court erred in departing above the recommended minimum range of the state sentencing guidelines and his sentence exceeds the statutory maximum.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must

summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief.

## II. Facts and Procedural History

Petitioner pleaded no contest to attempted first-degree child abuse in exchange for the dismissal of a first-degree child abuse charge in the Saginaw County Circuit Court and was sentenced as a fourth habitual offender to 7 ½ to 15 years imprisonment in 2015.

Following his plea and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that he should be re-sentenced because the trial court erred in departing above the recommended minimum guideline range and failed to indicate whether it would impose the same sentence without the invalid reasons. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Torres*, No. 333684 (Mich. Ct. App. Aug. 24, 2016) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Torres*, 501 Mich. 907, 902 N.W.2d 610 (2017).

Petitioner dated his federal habeas petition on May 3, 2018. He raises the same sentencing claim presented to the state courts on direct appeal of his conviction and sentence.

## III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed her petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

## IV. Analysis

Petitioner asserts that he is entitled to habeas relief and should be re-sentenced because the state trial court erred in departing above the recommended minimum range of the state sentencing guidelines by sentencing him to 7 ½ to 15 years imprisonment and his sentence exceeds the statutory maximum. According to Petitioner, the probation department scored the minimum sentencing guideline range at 1 year 7 months to 6 years 4 months and the statutory maximum for attempt is 5 years imprisonment. The Michigan Court of Appeals denied Petitioner's delayed

3

application for leave to appeal for lack of merit and the Michigan Supreme Court denied leave to appeal in a standard order.

The state court's denial of relief is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum sentence for attempted first-degree child abuse for a fourth habitual offender. *See* MICH. COMP. LAWS §§ 750.136b(2) (authorizing a sentence of life or any term of years for first-degree child abuse); 750.92(2) (authorizing a sentence of 5 years for attempt where the completed crime is punishable by life or five or more years in prison); 769.12 (authorizing a sentence of life or a lesser term for a fourth habitual offender where the subsequent felony is punishable by a maximum term of five years or more or life). Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner's claim challenging the trial court's upward departure from the recommended minimum sentencing range is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its

---

[1]The Court would reach the same result under a *de novo* standard of review.

discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (denying habeas relief on sentencing departure claim). Any alleged error in departing from the recommended minimum guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted in his pleadings.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He admits that he had a sentencing hearing before the trial court with an opportunity to challenge the sentencing departure.

He also presented his sentencing claim to the state appellate courts and was denied relief. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct.

Petitioner also cannot establish that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). As discussed, Petitioner's sentence of 7 ½ to 15 years imprisonment is within the statutory maximum of life imprisonment for a fourth habitual offender. The state trial court thus acted within its discretion in imposing his sentences and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claim and that the habeas petition must be denied.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. A COA is not warranted. Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a COA is **DENIED** and that leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: July 12, 2018                      s/Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Judge


I hereby certify that on July 12, 2018, the foregoing document was served on counsel of record via electronic means and upon Steven Torres via First Class mail at the address below:

Steven Torres
688446
CARSON CITY CORRECTIONAL FACILITY
10274 BOYER ROAD
CARSON CITY, MI 48811

                                          s/J. McCoy
                                          Case Manager